IN THE MATTER OF Y. Y. HIROSE, doing business under the name of HIROSE SHOTEN.

May 5, 1904.

*Bankruptcy.—Assignments for Benefit of Creditors:* There being no insolvent laws in the Territory of Hawaii, assignments for the benefit of creditors are good under the common law for all purposes except against proceedings in bankruptcy instituted under the Bankrupt Act within four months of their execution.

*Same.—Effect of Adjudication:* If under such proceedings, the re-respondent is declared bankrupt, the assignment becomes void and the bankrupt's property is thereby transferred to the jurisdiction of the court of bankruptcy.

*Same.—Assignment.—Estoppel:* Creditors assenting to an assignment for the benefit of creditors and acting under it to the extent of filing claims, are not thereby estopped from petitioning for a decree of bankruptcy against the assignor.

In Bankruptcy: Petition for Adjudication of Bankruptcy.

Thayer & Hemenway for Petitioners.

E. A. Douthitt for Respondent.

DOLE, J. This is a petition praying that the respondent be adjudged a bankrupt on the ground that he made, within four months preceding the date of the petition, a general assignment to one Tashiro, for the benefit of his creditors, thereby committing an act of bankruptcy. The respondent, by his answer, opposes the prayer of the petition, admitting the assignment for the benefit of the creditors, but claiming that the petitioning creditors, H. Hackfeld & Company, Limited, and the Seattle Brewing & Malting Company, by their written consent, signified their approval of the execution of said assignment and that the petitioning creditor, Hoffschlaeger Company, Limited, at and before the execution of the said assignment, assented thereto and approved the same and afterwards served upon the said Tashiro, assignee, its claim against the respondent, and that from and after the execution of the assignment, the petitioners consented to and approved of the administration of the estate of the respondent by said Tashiro, assignee. Respondent admits in his answer that the petitioners H. Hackfeld & Company, Limited, and the Seattle Brewing & Malting Company, on the 23rd of March, 1904, served upon the said Tashiro, assignee, their withdrawal of their consent to the said deed of assignment and avers that the petitioners have up to the said 23rd day of March, ratified and confirmed the acts of the said assignee and have received material benefit therefrom.

Upon this showing, counsel for respondent claims that the petitioning creditors are estopped from asking the court that the respondent be adjudged a bankrupt.

By the Act of Bankruptcy of 1898, an assignment for the benefit of creditors is made an act of bankruptcy and creditors may apply for an adjudication of the debtor as a bankrupt within four months after the time of said assignment.

Two questions arise in connection with this showing, whether, under the circumstances, the deed of assignment is void or voidable, and whether the petitioning creditors who have assented to said assignment, and to some extent acted under it, are estopped from praying that the respondent be adjudged a bankrupt.

It is fully recognized by the authorities that all insolvent laws of the various States in the United States were superseded by the Bankrupt Act, and that, as against proceedings in bankruptcy, assignments under such statutes are void.

*In re Curtis, et al.,* 1 Am. B. R. 440, and cases therein cited.
. The right of making a general assignment for the benefit of creditors existed by statute in some of the States and in others under the common law. This is the status of the assignment in this case, there being no local law of insolvency and the authorities allowing such assignments, if good under the common law, to be good for all purposes except against proceedings in bankruptcy instituted under the Bankrupt Act within four months from their execution. If then this petition is allowed and the respondent is declared a bankrupt, it voids the assignment and transfers the bankrupt's property to the possession of the bankrupt court.

*Patty-Joiner Co. v. Cummins,* 4 Am. B. R. 271.

On the question of estoppel, it does not appear that the petitioners have received any benefits from the said assignment and the administration thereof by the assignee, except that such assignee has sold some of the personal property of respondent and has in his possession from the sale the sum of $322.95.

8—U. S. D.

It appears from the evidence in this case that a question of the title to certain property has arisen between the petitioning creditors and the assignee, the petitioners claiming that certain property consigned to the respondent through an agent is properly a part of the bankrupt or insolvent property, while the assignee renounces any claim to such property. Moreover, it appears that a certain creditor, Pang Chong, attached and sold some of the respondent's goods and this creditor was allowed to take away other goods including a valuable safe. It also appears that the assignee was not under bond to any one. Under these circumstances, the petitioning creditors became alarmed and lost what confidence they may have originally had in the assignee and withdrew their approval of the assignment and filed this petition for adjudication.

The court in the case of *In re Curtis, supra,* says in regard to a case in which an assignment for the benefit of creditors had been made under the provision of insolvency statutes:

"There were no fruits from the proceedings in the State court. There was no judgment and the petitioners had a right to withdraw or disaffirm at any time before judgment for the purpose of lawful proceedings under the Bankrupt Act. But even if the acts proved were sufficient in fact to constitute an estoppel, I am of the opinion that as a matter of law, no estoppel could arise in this case. * * * The contract of assignment being contrary to the spirit of the Bankrupt Act, and against public policy as manifested thereby, is also void, as against proceedings herein. If the estoppel sought to be applied is estoppel in record, the first requisite is that the court in which such record was made must have had jurisdiction. If it be estoppel by deed the instrument must be valid."

In this case the estoppel claimed is by deed and by acts, and the deed as against the Bankrupt Act is invalid and void. In the case of *Durkee v. People,* 155 Ill., 367, the Supreme Court of that State says that:

"A contract void as against a statute cannot become operative and valid through an estoppel  *   *   *   and it would be absurd to say that either persons or corporations can abrogate such a statute, upon the theory of an estoppel, by simply contracting to do the prohibited act."

The case of *In re Comstock,* 3 Sawyer, 218, says:

"The reason of the rule is apparent and satisfactory.  The maintenance of the public policy of a state, as manifested by its legislation is of much more importance than the real or supposed equities of the parties to an illegal transaction, and therefore they are not estopped to show such illegality for the purpose of preventing an enforcement of the contract, in opposition to such policy.  Otherwise the public law and policy would be at the mercy of individual interests and caprice."

The case of *In re Curtis, supra,* has the following:

"It is the opinion of this court that the enforcement of the National Bankrupt Act, the design and object of which are that 'the property of insolvents shall be secured to their creditors in the very mode pointed out thereby, with all the facilities for its appropriation, all the security for its administration, all the safeguards against fraud, and all its protection against devices to establish false claims, fictitious debts, and illegal or inequitable preferences, which that Act provides,'.is of greater public moment than the supposed equities of the debtors in this case growing out of an estoppel based on a contract in violation of that Act."

From these authorities and from the provisions of the statutes, it appears to me that the law applicable to this case does not justify a ruling that the petitioning creditors are estopped by their acts referred to from applying to have the respondent adjudged a bankrupt.  The facts brought out in the evidence in regard to the unsatisfactory administration of the assignee are not necessary to this conclusion.  They are illustrations of the importance of the rule that creditors may at any time within the legal limits, move to have the administration proceedings

terminated and the whole matter transferred to the jurisdiction of the bankrupt court. Otherwise in case of an incompetent, dishonest, or irresponsible assignee they might be helpless to protect their interests, and all because of an agreement which was inconsistent with the statute and which must fall as soon as the statute is invoked.

The prayer of the petition is therefore allowed and the respondent is adjudged a bankrupt.